UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DEMITRIUS R WHITFIELD,

*Plaintiff*,

– against –

MASTER CARD, VISA,

*Defendants*.

---

**MEMORANDUM & ORDER**
26-cv-00471 (NCM) (PCG)

**NATASHA C. MERLE**, United States District Judge.

On February 2, 2026, pro se plaintiff Demitrius R. Whitfield filed this action against defendants MasterCard and Visa. Compl., ECF 1. Plaintiff filed his complaint together with a request to proceed in forma pauperis ("IFP"). Mot. for Leave to Proceed IFP, ECF No. 2. Plaintiff's request to proceed IFP is granted for the limited purpose of this Order. For the reasons stated below, plaintiff's complaint is dismissed.

## BACKGROUND

Plaintiff filed a form complaint against defendants purporting to bring suit pursuant to 42 U.S.C. § 1983 ("Section 1983") and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Compl. 4.[1] Plaintiff claims that defendants violated his constitutional or statutory rights by "[d]ischargeability [11 U.S.C.] § 523(a)(2)[,] false pretenses [sic], false representation and/or actual fraud." Compl. 4.

---

[1]      Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers

1

He further alleges a *Bivens* claim by way of a "governmental consent order given by federals and withheld by the state departments." Compl. 4. Plaintiff provides no other details. Indeed, the form complaint omits any description of the events and underlying facts giving rise to plaintiff's claims, injuries, and sought-after relief. *See* Compl. 5–6. Instead, plaintiff only refers to documents he attaches to the complaint. Compl. 5–6.

The documents affixed to the complaint include forms submitted to the Department of Veteran's Affairs ("VA"), Compl. 8–9, 15–16, and documents and docket sheets from separate proceedings involving plaintiff including: (1) a criminal action in this District in which plaintiff was a defendant, Compl. 17–19; (2) plaintiff's appeal of a civil action from the Southern District of New York to the Court of Appeals for the Second Circuit, Compl. 22–24; and (3) two bankruptcy cases in this District in which plaintiff was a party, Compl. 10–14, 20–21, 25–33. A document dated November 6, 2025, submitted in one of the bankruptcy cases reflects plaintiff's stated intention to file a complaint against defendants alleging "dischargeability" pursuant to 11 U.S.C. § 523(a)(2),[2] false pretenses, false representation, and actual fraud. Compl. 11.

After the complaint was filed in this action, plaintiff filed additional documentation submitted to the VA and related to the bankruptcy proceedings. *See* ECF Nos. 4, 6.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[3] A claim is plausible "when

---

[2]    11 U.S.C. § 523 "addresses objections to discharge in bankruptcy proceedings of debts obtained by fraud or false pretenses, among other things." *Fin. Indus. Ass'n v. SEC*, No. 10-cv-00408, 2013 WL 11327680, at *5 (M.D. Fla. July 24, 2013).

[3]    Throughout this Order, the Court omits all internal quotation marks, footnotes, and

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While all factual allegations contained in the complaint are assumed to be true, this presumption is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

When the Court reviews a pro se complaint it must hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a pro se complaint liberally").

Still, pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of his claim against each named defendant so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. at 678 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."); *see also Rubin v. N.Y.C. Bd. of Educ.*, No. 20-cv-10208, 2023 WL 2344731, at *2 (S.D.N.Y. Mar. 3, 2023) ("Rule 8 applies to all litigants, including those who are pro se.") (collecting cases). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal,* 556 U.S. at 678. To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant[s] to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000).

---

citations, and adopts all alterations, unless otherwise indicated.

Separately, under Section 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

The Court must dismiss plaintiff's complaint because, even construed liberally, it fails to meet Rule 8's minimal pleading requirements. Specifically, plaintiff fails to provide a "short and plain" statement of his claims against defendants so that each defendant has a "fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019). Plaintiff appears to seek relief from creditors involved in his bankruptcy proceedings, but his complaint does not describe the events that give rise to his alleged injuries, what injuries he allegedly sustained, and whether any possible relief is within this Court's power to consider. Thus, even liberally construing the complaint in plaintiff's favor, plaintiff's allegations fail to state a claim for relief. *See Clifton v. Hra Nyc Govt*, No. 16-cv-01753, 2016 WL 4203486, at *2 (E.D.N.Y. Aug. 9, 2016) (dismissing for failure to allege any "substantive factual allegations" that would "allow each defendant to have a fair understanding of what [the plaintiff] is complaining about"); *see also Hall v. N.Y.C. Hous. Dep't*, No. 22-cv-06692, 2022 WL 17253530, at *2 (E.D.N.Y. Nov. 28, 2022) (dismissing pro se complaint where the court was "unable to determine exactly what claims [the] [p]laintiff [was] attempting to allege"). Plaintiff's complaint is therefore dismissed.

**LEAVE TO AMEND**

If a "liberal reading of the complaint gives any indication that a valid claim might be stated," a pro se plaintiff should be given an opportunity to amend the complaint. *Cuoco v.*

*Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). Yet, while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." *Hassan v. U.S. Dep't of Veterans Affs.*, 137 F. App'x 418, 420 (2d Cir. 2005) (summary order). Leave to amend "would be futile" where a complaint fails to "provid[e] a basis for subject matter jurisdiction[.]" *Mortimer Off Shore Servs., Ltd. v. Fed. Republic of Germany*, 615 F.3d 97, 99 (2d Cir. 2010); *see also Davis v. Kushner*, No. 14-cv-00511, 2014 WL 5308142, at *4 (N.D.N.Y. Oct. 16, 2014) ("[G]ranting [the plaintiff] an opportunity to amend his complaint would be futile because from the face of the complaint, the [c]ourt lacks subject matter jurisdiction.") (citing *Moritsugu*, 222 F.3d at 112).

The Court has considered and declines to afford plaintiff an opportunity to amend his complaint because amendment would be futile. Specifically, the complaint fails to state a colorable federal claim, and the Court therefore lacks jurisdiction over any of plaintiff's state law fraud-based claims. Plaintiff attempts to invoke the Court's federal question jurisdiction[4]

---

[4]    Moreover, plaintiff does not allege that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See generally* Compl. Indeed, the complaint lists defendants' address to be New York, where plaintiff also appears to be a citizen. *See* Compl. 2; *see also Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (finding that a case falls within the federal district court's diversity jurisdiction "only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same state"). Additionally, irrespective of how plaintiff lists the addresses in the complaint, at least one defendants' citizenship appears to defeat diversity here. *See Wawa, Inc. v. Mastercard Int'l, Inc.*, No. 22-cv-03186, 2023 WL 6147177, at *1 (S.D.N.Y. Sep. 20, 2023) ("Defendant Mastercard is a Delaware corporation with its principal place of business in New York."); *MasterCard Int'l Inc. v. Nike, Inc.*, 164 F. Supp. 3d 592, 597 n.2 (S.D.N.Y. 2016) (same); *see also Circle Indus. USA, Inc. v. Parke Constr. Grp., Inc.*, 183 F.3d 105, 108 (2d Cir. 1999) ("For purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and of the state that serves as its principal place of business.") (citing 28 U.S.C. § 1332(c)).

by purporting to raise constitutional claims pursuant to Section 1983 and *Bivens*.[5] *See* Compl. 4. But the complaint fails to supply a non-frivolous basis for these claims because (1) plaintiff does not allege or identify a constitutional right that was infringed; and (2) defendants are private entities, not state actors, and plaintiff fails to allege any facts indicating that defendants acted under color of state law. *See Bernstein v. New York*, 591 F. Supp. 2d 448, 468 (S.D.N.Y. 2008) ("To state a claim pursuant to section 1983, a plaintiff must allege that a constitutional right has been violated."); *O'Donoghue v. U.S. Soc. Sec. Admin.*, 828 F. App'x 784, 787 (2d Cir. 2020) (summary order) ("[T]o state a *Bivens* claim, a plaintiff must allege that he has been deprived of a constitutional right by a federal agent acting under color of federal authority[.]"); *see also Anialo v. Spota*, 340 F. Supp. 3d 224, 252 (E.D.N.Y. 2018) ("It is axiomatic that private citizens and entities are not generally subject to Section 1983 liability."); *Terry v. Guzman*, No. 26-cv-01000, 2026 WL 538935, at *2 (E.D.N.Y. Feb. 26, 2026) ("[T]he plaintiff cannot bring a *Bivens* claim against [the defendant] because [the defendant] is a private individual; a plaintiff can bring a *Bivens* claim only against federal officials in their individual capacities.").

---

[5] To the extent plaintiff cites the discharge exception of the Bankruptcy Code as a ground for relief, *see* Compl. 4 (citing 11 U.S.C. § 523(a)(2)), this too fails to provide a basis for jurisdiction because that provision does not confer a private right of action. *See Jones v. Nationstar Mortg. LLC*, No. 23-cv-01316, 2023 WL 6381493, at *5 (D. Md. Sep. 29, 2023) ("[Section] 523 governs only which debt a bankruptcy court may discharge. Nowhere does § 523 provide a private right of action."); *Fin. Indus. Ass'n v. SEC,* No. 10-cv-00408, 2013 WL 11327681, at *4 (M.D. Fla. Oct. 4, 2013) ("Section 523 is properly invoked only in bankruptcy proceedings and does not provide for a private right of action."); *see also Costello v. Wells Fargo Bank NA*, No. 21-cv-01388, 2022 WL 1912870, at *9 (D. Conn. June 3, 2022) ("[A]s recognized by the Second Circuit . . . any claim . . . related to a violation of [a] bankruptcy discharge must be filed in the bankruptcy court.") (citing *In re Belton v. GE Cap. Retail Bank*, 961 F.3d 612, 616–17 (2d Cir. 2020)).

Accordingly, the Court declines to grant leave to amend because amendment would be futile. *See Henry v. White*, No. 23-cv-04321, 2024 WL 554799, at *2 (E.D.N.Y. Feb. 12, 2024) ("Because [the] [p]laintiff cannot bring any § 1983 claim against [the] [d]efendant as a private individual, the [c]ourt finds that granting leave to amend here would be futile and declines to do so."); *see also Del Re v. Del Re*, No. 05-cv-03490, 2005 WL 1962341, at *3 (E.D.N.Y. Aug. 10, 2005) ("Accordingly as plaintiff seeks to bring a civil rights action against private parties, the action is dismissed as frivolous.").

## CONCLUSION

For the reasons stated above, plaintiff's complaint is dismissed for failure to state a claim and for lack of subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(ii), as well as for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, denies plaintiff in forma pauperis status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment and mark this case as closed.

**SO ORDERED.**

        */s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated:     March 16, 2026
           Brooklyn, New York